UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL J. SOPCZAK**                           **CIVIL ACTION**

**VERSUS**                                                      **NO. 05-1510**

**STATE OF LOUISIANA**                          **SECTION "C"**

### ORDER AND REASONS

Before this Court is a petition for habeas corpus relief by Mr. Michael Sopczak (petitioner), pursuant to 28 U.S.C. § 2254.  As grounds for relief, petitioner claims that his due process and fair trial rights were violated when: (1) he was denied effective assistance of counsel at his June 12, 2003 resentencing; (2) the previously adopted December 19, 2001 plea agreement was breached; and (3) the trial court abused its discretion by "ignoring" the December 19, 2001 plea agreement.

Upon a thorough review of the records for all three cases, #97-6464, #98-1012, and #98-5485, and the applicable law, the Court has determined that petitioner's habeas corpus petition is without merit. For the reasons set forth below, this petition is **DENIED**.

I.      **Background and Procedural History**

Petitioner was a state prisoner at River Bend Detention Center in Lake Providence, Louisiana at the time of the filing of his petition.[1] The facts of each the cases referred to in petitioner's habeas petition are set forth separately below.

### Case # 97-6464, 24th Judicial District Court, Jefferson Parish

Petitioner was arrested on October 4, 1997 and charged with one count of simple burglary.[2] He was arraigned in the 24th Judicial Court of Jefferson Parish on January 28, 1998, and entered a plea of not guilty.[3] After a number of continuances, petitioner entered a plea of guilty on December 19, 2001.[4] The court advised the petitioner of his rights, and the petitioner waived his rights and a waiver of rights form was executed and filed into the record.[5] The court sentenced the petitioner to eight years at hard labor, with credit for time served, sentence to run concurrently with cases #98-1012 and #98-5485.[6]

On April 15, 2004, petitioner filed a combined motion to clarify sentence, claiming that the resentencing of case #98-1012 (discussed below) to six years on each count should have included a reduction of the eight-year sentence in case #97-6464 to six years as well; the motion was denied.[7] On October 15, 2004, petitioner filed a motion to amend his sentence in case #97-6464, which was denied.[8]

---

[1] Fed. Rec. Doc. 1, Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, *Sopczak v. State*, No. 05-1510. Note that the custody was under a parole hold for case #97-6464, discussed in detail in this order.
[2] State Rec. Vol. 1, Bill of Information.
[3] State Rec. Vol. 1, Entry 2, Arraignment.
[4] State Rec. Vol. 2, Entry 45.
[5] *Id*.
[6] State Rec. Vol. 7, Transcript of Proceedings in cases 98-012, 97-6464, 98-5485; December 19, 2001, p. 2-26.
[7] State Rec. Vol. 2 and Vol. 3.
[8] State Rec. Vol. 2.

**Case # 98-1012, 24th Judicial District Court, Jefferson Parish**

The following facts are taken from the Louisiana Fifth Circuit Denial of his appeal of the conviction on case #98-1012:

> Sopczak was charged with two counts of simple burglary, in violation of LSA-R.S. 14:62, and pled not guilty. The defense filed an Application for Appointment of a Sanity Commission, asserting that Sopczak was not competent to assist counsel at trial, and that he did not understand the consequences of his actions when he committed the charged offenses.
> A competency hearing was held on January 7, 1999, at which time the state and the defense agreed to stipulate to the medical reports submitted by Drs. Marguerite Poreda and Jodie Holloway. The trial court found Sopczak competent to stand trial.
> On May 3, 1999, Sopczak appeared with a new attorney, and entered a plea of not guilty and not guilty by reason of insanity. The state filed a revised Notice of Intent to Introduce Evidence of Other Crimes. Subsequently Sopczak appeared with yet another attorney, who moved the court to grant a trial continuance so that Sopczak could be evaluated by a Dr. Jackson, waiving any prescription challenges. The continuance was granted. On May 11, 2000, the court granted the state a continuance to allow Sopczak to be examined by Dr. Mark Dean.
> After numerous other continuances, Sopczak was tried by a six-member jury on November 14, 15, and 16, 2000 and at the conclusion of trial, the jury found him guilty as charged on both counts. Sopczak was originally sentenced to 12 years at hard labor on each count, with the sentences to run concurrently. A Motion to Reconsider Sentence was filed, and on the same day, Sopczak filed a Motion for Appeal, which motion was granted.
> The state filed an habitual offender bill of information alleging Sopczak to be a third felony offender. Sopczak responded with a second Motion for Appointment of a Sanity Commission. A sanity commission was appointed to determine Sopczak's mental capacity to proceed, but on December 19, 2001, Sopczak stipulated to his competency. The prosecutor joined in the stipulation. On that day, Sopczak admitted to the allegations in the habitual offender bill. The court accepted the admission, and found him to be a third felony offender. One of his sentences was vacated, and the court imposed an habitual offender sentence of eight years at hard labor.[9]

The Fifth Circuit Court of Appeal affirmed petitioner's conviction, but remanded for an error in the sentencing on the multiple bill.

---

[9] *State v. Sopczak*, 823 So.2d 978, 979-80 (La.App. 5 Cir. 2002), *rehearing denied* 9/9/02, writ denied March 21, 2003, *State v. Sopczak*, 2002-K-2472, internal citations omitted.

> In the original sentencing transcript, the court sentenced Sopczak to twelve years at hard labor on each count, to be served concurrently with previous sentences for other similar offenses. In the sentencing transcript of the habitual offender bill, upon accepting defendant's admission to the allegations in the bill, the trial court stated, 'The original sentence in case No. 98-1012 I believe was twelve years?' The court further said, 'That sentence is vacated. This Court sentences you to eight years at hard labor in case No. 98-1012. And that sentence will run concurrently with the sentences previously imposed upon you in case Nos. 97-6464 and 98-5485.'
> The commitment states, 'The original sentence in regard to both counts is vacated", and continued: "The court sentenced the Defendant as a Third Offender under RS[sic]15:529.1 to imprisonment at hard labor for a term of EIGHT(8) years. .... the Court ordered that the above sentence to run concurrently with 24th JDC cases 97-6464 and 98-5485.'
> While it appears from the commitment that the trial court vacated both of the original sentences, it appears that the court gave but one sentence on the multiple bill. The trial court must impose a separate sentence for each separate count on which the defendant was convicted. Patent sentencing error occurs when a trial court, in sentencing for multiple counts, does not impose a separate sentence for each count. We are aware of the exception to that rule in which this Court has upheld a single sentence for convictions on multiple counts in instances where the sentences for a conviction on each count would more appropriately be concurrent rather than consecutive, and the term of imprisonment is reasonable. In the present case, the trial court clearly intended to impose two sentences on Sopczak, and originally did so. The ambiguity in both the transcript and commitment regarding the multiple offender sentences cannot be resolved by examination of the record before us. Therefore, we find it necessary to vacate the multiple offender sentence, reinstate the original sentences, and remand for re-sentencing on the multiple bill. In so doing, we note that the trial court did not rule on Sopczak's Motion to Reconsider Sentence, filed after his original sentencing. For the foregoing reasons, we affirm the convictions. We vacate the multiple bill sentences and remand for further sentencing proceedings on the multiple bill.[10]

At a hearing on June 12, 2003, the district court denied the petitioner's motion to reconsider sentence; vacated his denial of that motion; then reconsidered and modified the sentence for the two counts of simple burglary to six years on count one, with the defendant stipulating to being a second offender, and to six years on count two; both sentences again to run

---

[10] *State v. Sopczak*, 823 So.2d 978, 986 -987 (La.App. 5 Cir. 2002), internal citations omitted.

concurrently with the preexisting sentences on cases #97-6464 and #98-5485.[11] Petitioner filed for writs with the Louisiana Supreme for the Fifth Circuit Court of Appeal's denial of the other trial errors he claimed in his appeal, but the Supreme Court denied writs.[12]

On April 15, 2004, petitioner filed a combined motion to clarify sentence, claiming that the resentencing of case #98-1012 to six years on each count should have included a reduction of the eight-year sentence in case #97-6464 to six years as well; the motion was denied.[13] On October 15, 2004, petitioner filed a motion to amend his sentence in case #97-6464, which was denied by the district court.[14]

**Case # 98-5485, 24th Judicial District Court, Jefferson Parish**

Petitioner was arraigned on September 16, 1998 and charged with one count of simple escape and one count of theft of a transmitter on July 8, 1998.[15] Petitioner entered a plea of not guilty. After multiple continuances, on December 21, 2000, the state dismissed count 1, the simple escape charge, as part of petitioner's sentencing on case #98-1012, and continued the trial on count 2.[16] After multiple continuances, the petitioner changed his plea to guilty at the December 19, 2001 hearing where he also changed his pleas in the other two ongoing cases, and was sentenced to two years, sentence to run concurrently with his sentences for #97-6464 and #98-1012.[17]

---

[11] State Rec. Vol. 2, Transcript of Proceedings, *State of Louisiana v. Sopczak*, No. 98-1012, June 13, 2003, p 7-13.
[12] *State v. Sopczak*, 2002-K-2472, March 21, 2003.
[13] State Rec. Vol. 2 and Vol. 3.
[14] State Rec. Vol. 2.
[15] State Rec. Vol. 4, Tab 13, and Entry 1, Arraignment. Petitioner had been under home detention, but removed the tracking device and left his home, which resulted in these charges upon his eventual arrest.
[16] State Rec. Vol. 4, Entry 25.
[17] State Rec. Vol. 4, Entry 32.

**Petitioner's federal habeas petition**

Petitioner completed his two-year sentence on case #98-5485, and his six-year sentences on count one and count two of case #98-1012, and was released from the Hunt Correctional Center on May 21, 2004.[18] On that same date, petitioner received a Diminution of Sentence on case #97-6464 ("good time" release), subject to meeting all the requirements of parole for the remaining two years of his original eight-year sentence.[19] Petitioner signed his restitution payment plan and parole supervision plan on May 24, 2004.[20] While on parole, petitioner was arrested on September 5, 2004 for simple burglary in Livingston Parish.[21] Even though his mother posted bond on him for the 2004 burglary charge, he was denied release from prison on a parole hold for case #97-6464. Petitioner filed this petition for habeas corpus on March 31, 2005. He was released from custody on parole on November 7, 2005, pending trial on the 2004 burglary charge. On June 21, 2006 petitioner was convicted of simple burglary and sentenced to twelve years at hard labor; he is currently incarcerated at Claiborne Detention Center in Houma, Louisiana.[22]

**II.    Jurisdiction**

Jurisdiction is proper under the Antiterrorism and Effective Death Penalty Act (AEDPA) if the petitioner is "in custody" under the conviction he is attacking.[23] Petitioner Sopczak was confined at River Bend Detention Center in Lake Providence, Louisiana at the time of the filing of his petition, therefore jurisdiction is proper. While the state's position is that this Court lacks

---

[18] Fed. Rec. Doc. 1, Exhibit J, Discharge Paper. Louisiana Dept. of Corrections.
[19] Fed. Rec. Doc. 1, Exhibit J, Diminution of Sentence, Louisiana Dept. of Public Safety and Corrections.
[20] Fed. Rec. Doc. 1, Exhibit J.
[21] Fed. Rec. Doc. 1, Exhibit L, #18997.
[22] This information was verified by telephone through the Livingston Parish Sheriff's Office, 225-686-2241 and the Louisiana Department of Corrections, 225-319-4224.
[23] 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a).

jurisdiction, because the conviction and sentence petitioner is attacking has expired, the Court construes the petitioner's claim as an attack on both case #97-6464 and case #98-1012, since petitioner claims that his sentence was for a "package deal agreement." In the interest of fairness and judicial economy this Court finds jurisdiction is proper.

**III.    Venue**

Venue is proper under AEDPA in the district where the inmate is in custody or where the state court conviction and sentence were obtained.[24] Petitioner Sopczak was convicted and sentenced in Jefferson Parish, therefore venue in the Eastern District of Louisiana is proper.

**IV.    Timeliness**

The state submits that the petition is untimely, and the Court agrees. Generally speaking, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires that a petitioner bring his Section 2254 claims within one year of the date on which his conviction became final.[25] Pursuant to 28 U.S.C. § 2244(d)(1)(A), petitioner's one-year limitation period for seeking federal habeas corpus relief commenced running on the date the judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review."   Petitioner did not appeal cases #97-6464 or #98-5485, and so those sentences became final on December 28, 2001, at the expiration of the time for seeking review. Petitioner had until December 30, 2002 to file a habeas petition in either of those cases. In petitioner's direct appeal on case #98-1012, his convictions were affirmed but the case was remanded for a sentencing error that was corrected on June 12, 2003. His sentence became final on June 20, 2003 at the expiration of the time for seeking review.

---

[24] 28 U.S.C. § 2241(d).
[25] 28 U.S.C. § 2244(d).

On this date, the one-year statute of limitations for filing a federal habeas corpus petition began to run.[26] However, AEDPA's one-year statute of limitations is tolled for the period during which a properly filed application for post state conviction relief or other collateral review attacking a conviction or sentence is pending in state court.[27] A total of 280 days passed before petitioner filed his motion to clarify his sentence on April 5, 2004. The limitation period would have tolled while this motion was pending, until May 8, 2004, when the time for review of the denial of relief had expired. A total of 327 days passed from May 9, 2004 until March 31, 2005, when petitioner filed his motion for post conviction relief.[28] Petitioner filed the instant petition on March 31, 2005. Allowing tolling for the period during which petitioner's state applications were pending, a total of 607 days lapsed, which exceeds the statute of limitations.

Even construing the timeliness of his petitioner with an abundance of caution, for the reasons stated above, the Court finds that Mr. Sopczak's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is untimely. However, had the petition been timely filed, petitioner would not have been entitled to the relief requested

**V.     Exhaustion**

The state argues that petitioner has not exhausted available state remedies as required by AEDPA. Under AEDPA, a petitioner must first exhaust his remedies in state court before seeking habeas relief from the federal courts.[29] "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts."[30] Generally, the exhaustion requirement

---

[26] See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).
[27] See *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2).
[28] State Rec. Vol. 6, Application for Post-Conviction Relief, *Perez v. Cain*, No. 385-086, Section A.
[29] 28 U.S.C. § 2254(b)(1)(A).
[30] *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001), internal quotation marks omitted.

8

is satisfied only when the grounds urged in a federal habeas petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules.[31]

However, as the United States Fifth Circuit Court of Appeals has noted, 28 U.S.C. § 2254(b)(2) "allows a federal court, in its discretion, to deny habeas relief on the merits, regardless of whether the applicant has exhausted state remedies" and whether exhaustion is waived by the state.[32] The state's position is that petitioner has failed to exhaust his claims because he never raised the issues of ineffective assistance of counsel at resentencing or breach of plea agreement in his state filings.[33] This Court agrees. However, because of the likelihood that petitioner would return to this Court to assert this claim again if the instant petition were dismissed without prejudice, the Court, again in the interest of judicial economy, will exercise its discretion to deny petitioner's claim on the merits.

## VI. Standard of Review

AEDPA comprehensively overhauled federal habeas corpus legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of fact and law.[34] Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under

---

[31] *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).
[32] *Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998), emphasis in original.
[33] Fed. Rec. Doc. Response in Opposition to Granting Writ of Habeas Corpus, p. 10-12.
[34] 28 U.S.C. § 2254(d):
　　An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
　　(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
　　(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d)(2).[35] As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[36] The United States Supreme Court has noted the following:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams v. Taylor*, 529 U.S. 362 (2002) that an unreasonable application is different from an incorrect one.[37]

As to questions of fact, factual findings are presumed to be correct, and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[38]

**VII.    Law & Analysis**

**(1) Petitioner argues that he was denied effective assistance of counsel at his June 12, 2003 resentencing on the multiple bill.**

In *Strickland*, the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. A petitioner seeking relief must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense.[39]

---

[35] *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).
[36] 28 U.S.C. § 2254(d)(1).
[37] *Bell v. Cone*, 535 U.S. 685, 694 (2002), internal citations omitted.
[38] 28 U.S.C. § 2254(d)(2); see also *Hill v. Johnson*, 210 F.3d 481, 485; 28 U.S.C. § 2254(e)(1).
[39] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

10

Petitioner argues that the sentence he received on December 19, 2001 amounted to a "package deal agreement," and that "in all practical senses petitioner has one eight year sentence to serve."[40] The district court did not agree, and also did not agree to amend his sentence on #97-6464. The record also does not support the petitioner's argument. The petitioner was convicted on three separate cases, #97-6464, for one count of simple burglary; #98-1012, for two counts of simple burglary; and #98-5485, for one count of theft. The petitioner was sentenced separately on each of the three cases, as discussed in detail earlier, and each sentence stated explicitly that it was to run concurrently with the other two.

The sentence for #97-6464 was eight years, and was not at issue on appeal because it was a sentence pursuant to a plea agreement. The sentence on #98-5485 was two years, and was not at issue on appeal because it was a sentence pursuant to a plea agreement. The original sentence for #98-1012, after conviction by a jury, was 8 years on each count. On remand, counsel was able to get a reduction to six years on count one, with the defendant stipulating as a second offender, and six years on count two. When petitioner was released after serving the full sentences for #98-1012 and #98-5485, he also received a diminution of sentence on #97-6464, subject to fulfilling the requirements of parole for the remaining two years of the original eight-year sentence. While petitioner argues that counsel was ineffective for not getting the sentence in case #97-6464 reduced, that was not a possibility. Petitioner fails to show that counsel's behavior was deficient or fell below the standard of reasonableness. In fact, counsel even filed a motion to reduce the sentence. Petitioner fails to establish that he was prejudiced by counsel's behavior.

---

[40] Fed. Rec. Doc. 1, p. 5.

**(2) Petitioner argues that the previously adopted December 19, 2001 plea agreement was breached.**

Petitioner argues that a lack of information or documentation pertaining to the plea negotiations resulted in a breach of the original plea agreement from December 19, 2001. The record does not support the petitioner's argument. As discussed in detail above, the hearing at which petitioner plead guilty to charges on three separate cases resulted in three separate sentences. The only sentence imposed after a jury trial, and therefore open to appeal, was indeed appealed. Responding to a finding of a sentencing error, the district court on rehearing vacated the original sentence and substituted a reduced sentence. The other two sentences, in cases #97-6464 and #98-4584 were neither at issue on appeal nor at the resentencing for case #98-1012.

**(3) Petitioner argues that the trial court abused its discretion by "ignoring" the December 19, 2001 plea agreement.**

Petitioner argues that the court abused its discretion at the January 12, 2003 resentencing hearing, pursuant to the Louisiana Code of Criminal Procedure, Article 556.1(B) and (C).[41] The record does not support the petitioner's argument. As discussed earlier in detail, the resentencing applied only to case #98-1012. At the January 12, 2003 hearing, the sole issue on remand was resentencing in that case. The trial judge did what was required on remand: he

---

[41] Art. 556.1. Plea of guilty or nolo contendere in felony cases; duty of court
A. In a felony case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
B. In a felony case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement.
C. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the district attorney and the defendant or his attorney. If a plea agreement has been reached by the parties, the court, on the record, shall require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered.
LSA-C.Cr.P. Art. 556.1(B) and (C).

12

vacated the original sentence and entered a new sentence in compliance with the Louisiana Fifth Circuit Court of Appeal's order. No plea was required, as it had been at the December 19, 2001 hearing when the original sentence was handed down.[42]

## VIII.  Conclusion

Having considered the complaint, the records, and the applicable law, it is determined that petitioner has failed to demonstrate that his state conviction and sentence present grounds for the relief requested.  Accordingly, **IT IS ORDERED** that the petition of MICHAEL SOPCZAK for writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE**. Judgment will be entered accordingly.

New Orleans, Louisiana this 21st day of November, 2006.

HELEN G. BERRIGAN
U.S DISTRICT JUDGE

---

[42] As noted earlier, at the January 13, 2003 hearing, the petitioner did stipulate to being a second offender on the multiple bill, but this stipulation, which was not a plea, reduced his sentence.